490 P.2d 1240

Guadalupe HINOJOSA, Plaintiff-Appellant,

v.

Allen NIELSON, Defendant-Appellee.

No. 706.

Court of Appeals of New Mexico.

Oct. 15, 1971.

Certiorari Denied Nov. 24, 1971.

268

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

James A. Parker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for appellee.

## OPINION

WOOD, Chief Judge.

The trial court held that plaintiff assumed the risk of a slip and fall as a matter of law and granted summary judgment in favor of defendant. Plaintiff's appeal asserts there was a factual issue as to assumption of risk and summary judgment was improper. See Coe v. City of Albuquerque, 81 N.M. 361, 467 P.2d 27 (1970). We agree and reverse.

Plaintiff was employed by defendant as a farm and ranch laborer. Because of a prior injury to his leg or ankle, he was using crutches. It is undisputed that defendant told plaintiff to stop using the crutches and to use a cane. The "cane" was a broken shovel handle. Two or three days later, plaintiff went to a cattle pen to fill a water trough. He broke the ice in the trough with the shovel handle. He started to fill the trough, using a plastic hose. The hose was stiff. While shoving the hose into the trough with his left hand, and holding the shovel handle for support with his right hand, he slipped and fell backward. Plaintiff alleges he reinjured himself in this fall. The surface in the area was frozen ice and mud.

In his deposition, plaintiff testified that he didn't want to use the shovel handle because he knew it was unsafe; that he felt the handle was unsafe both before he used it and when he used it; that he thought the handle was unsafe because he might slip with it and that's what happened. He also testified the handle would be more dangerous if used on ice or snow. This testimony would appear to meet the first two elements of assumption of risk—that a dangerous situation existed and that plaintiff knew of the dangerous situation. We do not concern ourselves, in this opinion, with the third element—voluntary ex-

**269**

posure to the danger. See Francis v. Johnson, 81 N.M. 648, 471 P.2d 682 (Ct. App.1970); N.M.U.J.I. 13.10. Defendant relies on this deposition testimony to support the summary judgment.

However, plaintiff also testified in his deposition that he never felt the handle was unsafe to the extent he would fall; that he knew the handle was dangerous but he never thought "I would slide or nothing;" that he didn't think he "would fall or anything like that." He also testified that he "never thought" the handle would be more dangerous if used on ice or snow. This deposition testimony raises a question as to whether plaintiff actually knew or appreciated the specific danger of slipping and falling when using the handle as a cane. See Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967).

The two preceding paragraphs show that plaintiff gave conflicting testimony in his deposition. Where there is such a conflict at trial, the conflict is to be resolved by the trier of fact. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970). There has been no trial in this case; summary judgment was granted. "In considering the merits of a motion for summary judgment, it is not the function of the trial court or the appellate court to weigh evidence. A summary judgment may be granted only where the facts are clear and undisputed. * * *" Johnson v. J. S. & H. Construction Co., 81 N.M. 42, 462 P.2d 627 (Ct.App.1969). There being a factual conflict, the summary judgment was improper.

Defendant asserts this case is controlled by Williamson v. Smith, 82 N.M. 517, 484 P.2d 359 (Ct.App.1971), cert. granted April 14, 1971, and not yet decided by the New Mexico Supreme Court. We disagree. In *Williamson*, it was undisputed that the plaintiff knew of the specific danger involved. Here, there is a conflict in plaintiff's testimony.

Defendant also seeks to raise an issue as to an asserted conflict between plaintiff's deposition testimony and an affidavit of plaintiff filed in opposition to the motion for summary judgment. See Apodaca v. Atchison, Topeka and Santa Fe Railroad, 67 N.M. 227, 354 P.2d 524 (1960). We do not reach this question because plaintiff's conflicting deposition testimony raised a factual issue to be resolved by the trier of the facts.

The summary judgment is reversed. The cause is remanded with instructions to set aside the summary judgment and reinstate the case on the trial calendar.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.

COWAN, J., not participating.