493 P.2d 981

Velda HOLCOMB and Virgil Holcomb, Plaintiffs-Appellees,

v.

William POWER, Jr., Defendant-Appellant.

Dona SUTTON and R. H. Sutton, Plaintiffs-Appellees,

v.

William POWER, Jr., Defendant-Appellant.

No. 734.

Court of Appeals of New Mexico.

Dec. 22, 1971.

Rehearing Denied Jan. 12, 1972.

Certiorari Denied Feb. 9, 1972.

---

Daniel C. Lill, LeRoi Farlow, Albuquerque, for appellant.

Benjamin Eastburn, James L. Brown, Farmington, for appellee.

## OPINION

SUTIN, Judge.

This is an appeal from a summary judgment in favor of plaintiffs on the issue of liability growing out of an automobile accident.

We reverse.

On July 25, 1968, at about 11:30 p. m., Power left the Boon Docks bar, about seven miles east of Farmington, and began to drive westward toward Farmington on State Road 17. Mrs. Holcomb and Mrs. Sutton left the bar and followed Power in a Chevrolet pickup driven by Mrs. Sutton. State Road 17 is a four-lane, divided highway with thirteen foot wide lanes, constructed of asphalt. About halfway between the Boon Docks bar and Farmington, Mrs. Sutton passed Power and resumed travel in the right-hand lane. As she was coming into a curve in the road, she and Mrs. Holcomb were just talking, and all of a sudden the accident happened. All that Mrs. Sutton remembered was that something struck her pickup. She did not know what caused the accident.

Power was in the left-hand passing lane at the time of the accident, and testified that Mrs. Sutton "had to be on the right-hand side lane or part way on the right-hand lane." He knew the accident occurred because he was in the ditch on the right-hand side of the road behind the Sutton pickup. Mrs. Sutton's pickup left a total of 195 feet of skid marks on her side of the road.

"Where the *slightest doubt* exists as to the material facts summary judgment should not be granted." Binns v. Schoenbrun, 81 N.M. 489, 468 P.2d 890 (Ct.App. 1970). [Emphasis added.] Trial courts should not forget that "[t]he summary judgment statute is drastic and its purpose is not to substitute for existing methods in the trial of issues of fact." Zengerle v. Commonwealth Insurance Company of New York, 60 N.M. 379, 291 P.2d 1099 (1955).

We believe the slightest doubt does exist on the issues of negligence and proximate cause.

The summary judgment is reversed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.

WOOD, C. J., not participating.