511 P.2d 550

Robert J. SUMMERS, Plaintiff-Appellee,

v.

AMERICAN RELIABLE INSURANCE COMPANY, Defendant-Appellant,

v.

AMERICAN BANK OF CARLSBAD, Defendant-Appellee.

No. 9587.

Supreme Court of New Mexico.

June 22, 1973.

Blenden, McCormick & Norrid, Dick A. Blenden, Carlsbad, for defendant-appellant.

McCormick, Paine & Forbes, Eugene C. Paine, Carlsbad, for plaintiff-appellee.

## OPINION

STEPHENSON, Justice.

Defendant ("insurer") insured plaintiff's house trailer, in which American Bank of Carlsbad ("the bank") had a security interest, against physical damage. The trailer was totally destroyed by an explosion and fire and insurer refused to pay the loss. Plaintiff filed suit for actual and punitive damages for breach of the insurance contract. An answer and plaintiff's motion for summary judgment were filed. A "summary judgment" was entered in favor of plaintiff and the bank in an amount aggregating the coverage. Plaintiff was awarded punitive damages as well.

The insurer has appealed contending that the court erred in entering summary judgment because genuine issues of material fact exist.

When the matter came on to be heard upon the motion, the court had before it the complaint, to which was attached the insurance policy, the answer of the bank setting up and incorporating its security agreement, and the answer of the insurer. So far as the issues between the plaintiff and the insurer were concerned, the answer admitted plaintiff's ownership of the trailer, the issuance and genuineness of the policy and the total destruction of the trailer. Allegations concerning subsequent dealings between those parties were denied.

No affidavits or depositions were before the court.

At the outset of the proceedings, setting the tone for what was to follow, plaintiff's attorney made an opening statement. By the time it was concluded, seven exhibits had been admitted into evidence. Plaintiff's attorney, after having reviewed the pleadings, outlined the remaining "questions of fact to be determined here." All this occurred without objection or comment from the insurer's attorney who declined the opportunity to make an opening statement.

Plaintiff's counsel then called the plaintiff to the witness stand and examined him in respect to the disputed fact issues, following which he was cross examined by the insurer's attorney.

Plaintiff's counsel then called the adjuster who had functioned on behalf of the insurer to the stand and he was also extensively examined and cross examined on the insurer's version of the facts.

During the course of the testimony various exhibits were admitted, either on motion without objection or by stipulation.

Following the testimony of the adjuster, plaintiff's counsel indicated that he rested. Insurer did not introduce any evidence, but did not indicate that it wished to do so or ask for an opportunity to do so. It was not precluded from introducing evidence. In any case, plaintiff's counsel then inquired of the court as to whether it wished to hear legal argument "or do you want to rule on the facts?" This question does not seem to have been answered.

Plaintiff and insurer filed requested findings of fact and conclusions of law. The court then made its decision, adopting findings and conclusions generally consistent with the theories of the plaintiff, and entered "summary judgment" in his favor.

■ No citation of authority is required for the proposition that summary judgment may not be granted if a genuine issue of material fact exists. Rule 56(c) [§ 21-1-1(56)(c), N.M.S.A.1953]. And a summary judgment proceeding should not

be used as a substitute for trial. Shumate v. Hillis, 80 N.M. 308, 454 P.2d 965 (1969); Johnson v. J. S. & H. Construction Co., 81 N.M. 42, 462 P.2d 627 (Ct.App.1969). Resolution of disputed questions of material fact is improper in summary judgment proceedings, whether by findings of fact or otherwise. Coe v. City of Albuquerque, 81 N.M. 361, 467 P.2d 27 (1970).

The authorities seem to be of two views as to whether oral testimony is proper in summary judgment proceedings. Rule 56 does not, in terms, authorize it, but does not prohibit it. But a pleading seeking summary judgment is, after all, a motion, and Rule 43(e) [§ 21-1-1(43)(e), N.M.S.A. 1953] permits the court to hear oral testimony at a hearing on a motion. Permitting oral testimony might take the opposing party by surprise. On the other hand, the court would have the benefit of hearing cross examination and observing the witness which has certain advantages over affidavits and depositions. 6 Moore's Federal Practice (2nd ed. 1972) § 56.11(8); 10 Wright and Miller Federal Practice and Procedure (1973) § 2723. A decision on the propriety of using oral testimony in summary judgment proceedings is unnecessary here, and having confidence in the discretion of our trial courts, we decline to adopt any hard and fast rule. Naturally we cannot countenance procedures in which the rights of parties are prejudiced or their substantive rights invaded, or in which trials are had on the issue of whether trials should be had.

■ All authorities seem to agree that if the parties turn the summary judgment proceedings into a trial, they will not be heard to object to that procedure. Huerta

v. New Jersey Zinc Company, 84 N.M. 713, 507 P.2d 460 (Ct.App.1973); Tripp v. May, 189 F.2d 198 (7 Cir. 1951); Burnham Chemical Co. v. Borax Consolidated, 170 F.2d 569 (9 Cir. 1948); 3 Barron and Holtzoff (1958) § 1239; Moore's Federal Practice, supra; Wright & Miller Federal Practice and Procedure, supra.

■ This is what happened here. The parties turned the summary judgment proceedings into a trial.

We sense no prejudice to insurer. At oral argument, a direct question as to whether it had additional evidence to present evoked equivocation, thereby spreading an aura of practicality over what we do here. If it is unclear whether any additional evidence exists, it is doubtful if any remains in insurer's arsenal of such overwhelming power and persuasiveness as to turn the learned trial judge about.

Insurer relies heavily on the result in Huerta, but in that case the Court of Appeals was unable to determine that the case had been tried on its merits in the summary judgment proceedings. No such problem exists in this case.

As we have said, insurer's sole contention is that genuine fact issues existed, and it wages a rather spirited attack on the trial court's finding of fact number twenty-six to the effect that none did. Doubtless the finding means that such genuine issues of material fact as had theretofore existed had been resolved by its twenty-five predecessors.

The judgment is affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.