316 So.2d 872 (1975)
Herman FISHER, Plaintiff-Appellant,
v.
CASH GROCERY AND SALES et al., Defendants-Appellees.
No. 5074.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Rehearing Denied August 28, 1975.
C. O. Brown, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for defendants-appellees.
Before HOOD, CULPEPPER and WATSON, JJ.
WATSON, Judge.
Herman Fisher, plaintiff, filed this suit for workmen's compensation benefits against Cash Grocery and Sales, Dewey Gremillion and Symond Corporation.[1] From a judgment of the trial court, sustaining a motion for summary judgment on behalf of Cash Grocery (properly identified as Consolidated Companies, Inc. d/b/a Cash Grocery and Sales Company), plaintiff now appeals. Under the provisions of LSA-C.C.P. art. 966, the only issues to be considered are: (1) whether there is a genuine issue as to a material fact; and (2) if not, whether mover is entitled to judgment as a matter of law.
The only pertinent factual data is found in plaintiff's petition and the affidavits *873 filed by Cash Grocery in support of the motion for summary judgment. Plaintiff testified at the hearing on the motion which is a procedure not provided for by statute. His testimony does not reflect the existence of factual issues, and in any event, we would be inclined to disregard such testimony. Summary judgment is to be considered on pleadings, depositions, answers to interrogatories, admissions on file and affidavitsnot on testimony at a hearing. LSA-C.C.P. art. 966.
Plaintiff's petition alleges that he was employed by Dewey Gremillion, one of the defendants, as a carpenter's helper on March 4, 1974, when the accident and resulting injury are alleged to have occurred. Plaintiff further alleges that Gremillion was employed at the time by Cash Grocery for carpentry and roofing work on its store.
The affidavits filed in support of the motion for summary judgment reflect that Dewey Gremillion was working under a contract with Cash Grocery to build a canopy on the building occupied by Cash Grocery; whom he employed was solely in his control and discretion. The affidavits also state that Cash Grocery was not at the time of the accident engaged in the business of constructing canopies or any other type of building or structure and that plaintiff was not employed by Cash Grocery.
From the affidavits and plaintiff's petition is it undisputed that plaintiff was working for Dewey Gremillion and not for Cash Grocery. Likewise it is undisputed that the work which Gremillion and plaintiff were doing was not part of Cash Grocery's business.
The inquiry now turns to the second issue, whether Cash Grocery is entitled to a judgment as a matter of law. The Louisiana Workmen's Compensation Act contemplates chiefly the claim of an employee against his employer. LSA-R.S. 23:1031.
The only possible theory under which plaintiff could proceed (and this is not actually alleged) is that he was what is sometimes referred to as a "statutory employee". The law as concerns employees of contractors and sub-contractors, and the responsibilities of those who engage the contractors and sub-contractors, is provided by LSA-R.S. 23:1061 which reads as follows:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. "Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefore."
To qualify for compensation benefits from Cash Grocery under this provision as a "statutory employee", plaintiff would be required to establish that the work that Dewey Gremillion was doing for Cash *874 Grocery was part of the trade, business or occupation of Cash Grocery. This point is specifically attacked and denied by the affidavits filed by the manager of Cash Grocery and the senior vice-president of the parent company of Cash Grocery. The point is made by the affidavits that Cash Grocery is simply not in the business of building canopies or anything else. Plaintiff's petition does not allege to the contrary and no showing made by plaintiff in the record demonstrates an issue as to this fact. As a matter of law we conclude that Cash Grocery is entitled to summary judgment.
Therefore, the judgment is affirmed and costs are taxed against appellant.
Affirmed.
HOOD, J., concurs in the result and assigns written reasons.
HOOD, Judge (concurring).
I concur with the result reached by my colleagues. I am unable to agree with their statement, however, that the plaintiff cannot testify at the hearing held on a motion for summary judgment, and that the trial court cannot consider oral testimony received at such a hearing.
Article 966 et seq., of the Louisiana Code of Civil Procedure, relating to summary judgments, was patterned on Rule 56 of the Federal Rules of Civil Procedure, with only minor variations. Our Supreme Court has held that, in view of that fact, we are justified in considering the jurisprudence of federal appellate courts in determining the manner in which those articles are to be applied. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
The federal rule is correctly stated, I think, in Vol. 10, Federal Practice and Procedure, Wright and Miller, Sec. 2723, page 488, as follows:
". . . it is precisely because oral testimony, with the attendant opportunity for cross-examination, is the mode of presentation that is thought most appropriate for use at trial that it also is the most trustworthy form of proof available for a Rule 56 hearing. Accordingly, oral testimony should be used when there is reason to believe that it will be of significant assistance to the court and is reasonably circumscribed in scope."
In Moore's Federal Practice, Vol. 6, Sec. 56.11[8], page 2205, the author stated:
"Looking back we see that Rule 56(c) enumerates pleadings, depositions, admissions on file, affidavits and, as amended in 1963, answers to interrogatories as materials that may be considered on a motion for summary judgment. Looking ahead we see that oral testimony may be utilized, and the principles of judicial notice and doctrines underlying presumptions invoked."
* * * * * * *
"Rule 56(c) does not mention oral testimony as materials to be used at the summary judgment hearing. But Rule 43(e) permits the court to hear oral testimony at a hearing on a motion. Accordingly the court may properly accept and consider oral testimony in a summary judgment proceeding. And the fact that oral testimony is one of the items considered does not require the court to make findings of fact and conclusions of law in granting or denying summary judgment."
Several cases are cited in support of the above statements, some of them being Arrington v. City of Fairfield, Alabama, 414 F.2d 687 (C.A. 5th 1969); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023 (C.A. 6th 1968); Georgia Southern and F. Ry. Co. v. Atlantic Coast Line R. Co., 373 F.2d 493 (C.A. 5th 1967); Fleming v. Phipps, 35 F.Supp. 627 (D.C.Maryland 1940).
In Becker v. Safelite Glass Corporation, 244 F.Supp. 625 (D.C.Kan.1965), the court said:
"The motion for summary judgment, like a motion to dismiss for failure to *875 state a claim, or a motion for judgment on the pleadings, raises only a legal question. Summary judgment procedure is, however, a more trustworthy procedure because it enables the parties to go beyond the pleadings and present evidentiary matters to the court. 6 Moore, 56.04[1], 56.09. In this regard, a summary judgment motion goes to the merits of a case and the court on summary judgment procedure is entitled to consider the pleadings, Rule 56(e) affidavits if any, depositions, answers to interrogatories on file in the case, admissions and stipulations, oral testimony, documentary and other evidentiary materials, and facts which are the subject of judicial notice . . ." (Emphasis added).
The comments of the Supreme Court of New Mexico in Summers v. American Reliable Insurance Co., 85 N.M. 224, 511 P.2d 550 (1973), are appropriate here, although the court ultimately found it unnecessary to decide whether oral testimony was proper in a summary judgment hearing. The court said:
"The authorities seem to be of two views as to whether oral testimony is proper in summary judgment proceedings. Rule 56 does not, in terms, authorize it, but does not prohibit it. But a pleading seeking summary judgment is, after all, a motion, and Rule 43(e) [§ 21-1-1(43)(e), N.M.S.A.1953] permits the court to hear oral testimony at a hearing on a motion. Permitting oral testimony might take the opposing party by surprise. On the other hand, the court would have the benefit of hearing cross examination and observing the witness which has certain advantages over affidavits and depositions. 6 Moore's Federal Practice (2nd ed. 1972) § 56.11(8); 10 Wright and Miller Federal Practice and Procedure (1973) § 2723 . . ."
I am aware of the fact that other Courts of Appeal in Louisiana have indicated that they agree with the majority in this case. See Wilkinson v. Husser, 154 So.2d 490 (La.App. 1 Cir. 1963); Boothe v. Fidelity & Casualty Company of New York, 161 So.2d 293 (La.App. 2 Cir. 1964); and Cheramie v. Louisiana Power & Light Company, 176 So.2d 209 (La.App. 4 Cir. 1965). I, however, respectfully disagree with the conclusions reached by the courts in each of those cases.
The principal argument of those who feel that the trial court should be barred from receiving or considering oral testimony at a summary judgment hearing is that in some cases the hearing may develop into a trial on the merits, and that such a hearing thus would take up the time of the court unnecessarily. I agree that in most cases it would be better for the trial judge to exclude oral testimony in those hearings, but I think he should have the right to allow oral testimony when he feels that it would be helpful to him in resolving the one issue which must be determined, that is, whether there is a genuine issue of material fact.
My view is that LSA-C.C.P. art. 966 et seq., do not prohibit oral testimony at a hearing on a summary judgment. Those articles merely authorize the court to receive and consider, solely for the purpose of deciding motions for summary judgment, some types of evidence which otherwise would not be admissible in the trial of the case, including pleadings and affidavits. It was never intended to require the judge to decide the case largely on the basis of inadmissible evidence, and to prohibit him from considering the best legally admissible evidence known to our law, that is, oral testimony given under oath in open court.
The statute specifically allows the court to consider "depositions" and "affidavits" at the summary judgment hearing. If the ruling of the majority in this case becomes the law, then great injustices may occur in some cases. Assume, for instance, that a defendant moves for summary judgment, and supports his motion by an affidavit.
*876 At the hearing the plaintiff produces and attempts to call several witnesses to testify to facts within their personal knowledge, which contradict the material statements contained in the above affidavit, and which would show clearly that there is a genuine issue of material fact. The majority decree being rendered in the present case would compel the trial court under those circumstances to do one of two things: (1) He would have to refuse to hear any of plaintiff's witnesses, consider only the affidavit and then render an unjust summary judgment dismissing the suit on the ground that plaintiff had failed to contradict the facts stated in the mover's affidavit and that no issue of material fact thus existed; or (2) since the trial judge would be prohibited from hearing one word of testimony from the witness, even though he wanted to hear them, he could call a recess or continue the case briefly to allow the witnesses to make their statements by affidavit or deposition in another room, out of the presence of the judge, and then upon reconvening the court, he could receive and consider the affidavits or depositions made out of his presence.
The dismissal of the case under the above circumstances would constitute a gross miscarriage of justice. A rule which prohibits the judge from considering testimony given under oath in his presence, seems to me to be ridiculous and totally out of keeping with our concepts of a contradictory hearing. A rule which makes it necessary for the trial judge to recess or continue the trial for such affidavits or depositions is much more time consuming than if the testimony were given in open court.
If the holding of the majority in this case should stand, then by the same process of reasoning the trial court could not admit or consider any photographs, objects or documentary evidence, such as an insurance policy or contract, in deciding whether a summary judgment should be rendered, since those types of evidence are not specifically listed in Article 966. I don't believe that the legislature intended to prohibit the trial court from receiving or considering in a summary judgment hearing any evidence which would be legally admissible at a trial on the merits, and which the judge felt would be helpful to him in deciding the narrow issue presented by the motion for summary judgment.
Article 966 of the Code of Civil Procedure provides that a hearing or trial must be held on a motion for summary judgment. Articles 1632, 1633 and 1634 provide that witnesses may be examined and cross-examined at trials. And, Article 1631 gives the court the power to control the proceedings at the trial.
The trial judge, in my view, has the right to restrict the evidence, whether it be oral testimony or any other type of proof, to the issue which is to be decided at the summary judgment hearing. He could exclude oral testimony altogether at such a hearing if that testimony would not be helpful to him in deciding the issue. On the other hand, I believe he has the authority, and perhaps the duty, to admit and consider oral testimony when offered at such a hearing, if he feels that it will be of benefit to him in deciding whether a summary judgment should or should not be rendered.
The statements in the majority opinion to which I object actually are dictum, since my colleagues state that "his (plaintiff's) testimony does not reflect the existence of factual issues." Even though the statement is dictum, however, I feel that the question is of sufficient importance to justify these comments.
For the reasons assigned, I concur in the result reached by my colleagues, although I disagree with the above statements contained in the majority opinion relating to oral evidence at summary judgment hearings.
NOTES
[1] Symond Corporation, a foreign corporation, is identified in plaintiff's petition as the builder of the scaffold which collapsed and caused his fall; this defendant is not involved in the instant appeal.