758 P.2d 308

**Shane HUTCHERSON, Claimant–Appellant,**

v.

**DAWN TRUCKING CO., Employer, and Continental Insurance Company, Insurer, Respondents–Appellees.**

**No. 10131.**

Court of Appeals of New Mexico.

June 7, 1988.

Lynn C. Eby, Luebben, Hughes, Tomita, Borg, Simpson & Eby, Albuquerque, for claimant-appellant.

Katherine E. Tourek, Bradley & McCulloch, P.A., Albuquerque, for respondents-appellees.

## OPINION

APODACA, Judge.

A motion was filed by claimant after the filing of our Memorandum Opinion in this cause, requesting that it be made formal. Having given consideration to claimant's motion, we withdraw the original opinion and substitute this opinion in its place.

Claimant appeals from the New Mexico Workers' Compensation Administration's (Administration) decision granting summary judgment to employer and insurer (referred to collectively as respondents). Summary judgment was based on the hearing officer's determination that the statute of limitations barred the claim. Without deciding whether the claim was barred, we nonetheless hold there was a genuine issue of material fact on this question requiring reversal of the hearing officer's decision and a remand for trial.

Claimant filed his claim for workers' compensation, seeking permanent impairment benefits for an injury to his hand. After an informal conference, the prehearing officer's recommended resolution was rejected by claimant, and the matter proceeded to a formal hearing. By stipulated order, discovery was conducted and included the depositions of Joe Raziano, insurance adjuster for employer's carrier, claimant, claimant's mother, and claimant's treating physician. Following discovery, respondents moved for summary judgment, which motion was granted by the hearing officer after a hearing.

Claimant argues the insurer's conduct resulted in tolling of the statute of limitations. *See* NMSA 1978, § 52–1–36 (Repl. Pamp.1987). Claimant contends the conduct of Raziano reasonably led him to believe he would be paid workers' compensation disability benefits and the insurer's conduct thus tolled the running of the stat-

ute of limitations under NMSA 1978, Section 52–1–31 (Repl.Pamp.1987). *See* § 52–1–36; *Owens v. Eddie Lu's Fine Apparel*, 95 N.M. 176, 619 P.2d 852 (Ct.App. 1980). Respondents argue there was no relevant communication tending to pacify or reassure claimant that his claim for benefits would be paid. They contend claimant was never told not to file his workers' compensation claim.

Claimant seeks support for his argument in the fact that Raziano is a law school graduate experienced with workers' compensation law, while claimant is unlearned in the law. He argues he complied strictly with Raziano's instructions, believing he was not required to do more to preserve his claim. On the other hand, respondents contend claimant has misrepresented the facts in stating there were "numerous contacts" between himself and Raziano. Instead, they assert there were only four contacts between the parties during the one year and thirty-one days following discontinuation of benefit payments for total temporary disability. Two of these contacts involved letters and the other two involved telephone calls.

Claimant phrases the issue in the form of argument that the statute of limitations was tolled. Yet, that determination is not before us and we consider it important to clarify the issue on appeal. Thus, we review the grant of summary judgment, mindful that it is not our task as a reviewing court to decide if the statute was tolled as claimant argues, but rather to ascertain whether there was a reasonable doubt as to the existence of a material issue before the hearing officer on that question. *See Koenig v. Perez*, 104 N.M. 664, 726 P.2d 341 (1986). Our scope of review is a narrow one. The granting of summary judgment is a "drastic remedy" and is disfavored, the policy favoring instead disposal of cases on their merits. *Holcomb v. Power*, 83 N.M. 496, 493 P.2d 981 (Ct.App.1971). Summary judgment is not a substitute for trial on the merits; its sole purpose is to determine the existence of one or more material issues of fact. *Cebolleta Land Grant ex rel. Bd. of Trustees v. Romero*, 98 N.M. 1, 644 P.2d

515 (1982). Even when basic facts are undisputed, summary judgment should be denied if equally logical but conflicting inferences can be drawn from the facts in favor of the party opposing summary judgment. *Williams v. Herrera,* 83 N.M. 680, 496 P.2d 740 (Ct.App.1972).

■ In moving for summary judgment, movant need only make a prima facie showing that he is entitled to summary judgment. *Koenig v. Perez.* Respondents did so in this case by establishing the relevant dates and introducing other evidence showing that the statute of limitations was not tolled and had expired. This evidence included the limited number of communications during the relevant time period, Raziano's testimony that no express offers of settlement were ever made, that he never discouraged claimant from bringing his claim before the Administration, that he phrased his comments to claimant on the issue of settlement in the conditional "when or whether or not," and evidence that Raziano had never prepared claimant's file for settlement negotiations. Upon making this prima facie showing, the burden then shifted to claimant, who was required to show at least a reasonable doubt as to the existence of a genuine factual issue on tolling of the statute. *Id.* Summary judgment should not be granted where the nonmovant demonstrates the required "reasonable doubt" that a material issue of fact exists. *Id.*

■ In order to successfully rebut respondents' prima facie case on the issue of tolling, claimant was required to carry the burden of establishing "reasonable doubt" with respect to each element material to his claim that the statute of limitations was tolled. *See Koenig v. Perez.* Those elements are: claimant must have believed that compensation would be paid; claimant's belief must have been reasonable; that belief must have been based, in whole or in part, on the conduct of employer or insurer. *See* § 52–1–36. These elements may be proven by inference. *Reed v. Fish Eng'g Corp.,* 76 N.M. 760, 418 P.2d 537 (1966).

■ Respondents argue that only the four communications occurring during the period of time the statute of limitations would have run, under their theory of the case, should have been considered by the hearing officer in determining the nature of insurer's "course of conduct." We disagree. It is apparent from the record that Raziano was not clear himself on the proper time frame for application of the statute. An internal office communication generated by him suggests he anticipated that an overpayment of $600 would be recouped from any settlement made with claimant. Respondents argue that such communication should not be considered in determining what understanding Raziano may have had with claimant, because it was not a communication directed at claimant and the statute of limitations already would have run by then, in any event.

Course of conduct, not specific communication, is the dispositive inquiry in deciding whether the statute of limitations has been tolled by employer's or insurer's conduct. *See Owens v. Eddie Lu's Fine Apparel.* Although such course of conduct during the relevant time period is of crucial significance, the conduct may be inferred from actions occurring both before and after the period of time during which the statute would have run otherwise. *Cf. Reed v. Fish Eng'g Corp.* Moreover, an employer's or insurer's course of conduct need not be wholly responsible for claimant's failure to file his claim. It is sufficient to toll the statute if the course of conduct on the part of the defending parties was *in part* the reason for claimant's failure to file his claim timely. *See* § 52–1–36. Finally, in appeals from the granting of summary judgment, we are required to review the whole record in the light most favorable to support the right to trial on the merits. *Cunningham v. Gross,* 102 N.M. 723, 699 P.2d 1075 (1985).

Although Raziano's internal communication does not bear directly on the question of communications between him and claimant, it does have indirect probative value of Raziano's understanding and whether he might have communicated that understanding to claimant during the relevant

time period. Other evidence presented to the hearing officer indicated Raziano had earlier told claimant there would be "no ... problems" with respect to payment of insurance, as long as claimant continued his course of medical treatment.

Evidence adduced at the summary judgment hearing showed that claimant and Raziano discussed settlement on several occasions. The record also indicates Raziano had not prepared claimant's file for settlement because he did not have an "impairment rating"; without one, he would not have a basis upon which to estimate a disability percentage. Claimant complied with Raziano's request that he see Dr. White to obtain the doctor's evaluation on claimant's physical impairment. Raziano's internal memorandum indicates he was still thinking in terms of settlement, even after the statute of limitations would have run under respondents' theory. Facts material to the issue of claimant's understanding concerning the handling of his disability claim included: claimant was not knowledgeable in the law of workers' compensation; he was not represented by an attorney until late in the development of the facts of this case; and Raziano had a law school education and significant experience with workers' compensation claims. Claimant testified he relied almost exclusively on Raziano to pursue and protect his claim, and Raziano stated that he felt he had "an obligation to people to sort of act like their lawyer without actually giving them legal advice." This testimony is material to the nature of the relationship and interaction between claimant and insurer. *Cf. Knippel v. Northern Communications, Inc.,* 97 N.M. 401, 640 P.2d 507 (Ct.App.1982) (fact that claimant was represented by competent attorney weighed against claimant's allegation that statute of limitations was tolled by employer's conduct).

The facts establish that claimant introduced sufficient evidence to satisfy his burden of establishing the required "reasonable doubt." *See Pena v. New Mexico Hwy. Dep't,* 100 N.M. 408, 671 P.2d 656 (Ct.App.1983) (whether claim is timely filed, or whether good cause exists for delay, are questions of fact and only become ques-

tions of law where the facts are not in dispute); *see also Read v. Western Farm Bureau Mut. Ins. Co.,* 90 N.M. 369, 563 P.2d 1162 (Ct.App.1977) (whether claimant's conduct was reasonable is an issue of fact). Further, the hearing officer's own conduct in entering findings of fact and conclusions of law on the summary judgment motion suggests to us that material factual issues were present. *See* SCRA 1986, 1–056(C); *Garrett v. Nissen Corp.,* 84 N.M. 16, 498 P.2d 1359 (1972) (reasons for grant of summary judgment need not be stated in greater detail than that there were no material issues of fact to be tried and that movant was entitled to judgment as a matter of law). In ruling on a motion for summary judgment, it is not proper for the trial court to weigh evidence. *Williams v. Herrera.* Summary judgment is appropriate only for a determination that there is or is not a material issue of fact, and is not appropriate as a vehicle to decide such an issue of fact. *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977).

Respondent's brief suggests the statute of limitations question was the sole issue to be tried, that discovery had been completed, and generally that the parties were prepared to fully litigate the issue. Although they may be correct in this regard, that is not a basis for relaxing the standard in summary judgment proceedings. *See id.* No matter how well prepared the parties, how fully developed the issues to be tried, and how complete the discovery, summary judgment is no substitute for trial. *Cebolleta Land Grant ex rel. Bd. of Trustees v. Romero.* When material facts are in dispute, their resolution may not be determined by the trial judge summarily, but must be resolved after a trial on those factual issues. *Cunningham v. Gross.*

Applying the necessary standard of review, we conclude that claimant established the existence of a material fact on the question of whether the course of conduct of insurer reasonably led him to believe compensation would be paid. Viewing the whole record in the light most favorable to the nonmovant, it would not be unreason-

able for a fact finder to conclude that Raziano, through his course of conduct, led claimant reasonably to believe that settlement was anticipated by insurer and there was consequently no reason to pursue the claim with the Administration. In so concluding, we do not premise our holding on the relative strengths of either side's arguments and evidence. *See C & H Const. & Paving Co. v. Citizens Bank,* 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979) (not proper for appellate court to weigh evidence in determining whether summary judgment should be granted). Instead, we determine only that the granting of summary judgment was inappropriate. *See Huerta v. New Jersey Zinc Co.,* 84 N.M. 713, 507 P.2d 460 (Ct.App.1973) (where there is a material issue of fact as to whether the statute of limitations has run, summary judgment is improper).

■ In his alternative argument, claimant asserts the statute of limitations could not have barred his claim because it was filed within one year of the employer's failure or refusal to pay medical benefits. This argument is not persuasive. It is the payment of periodic *disability benefit installments,* not the payment of *medical* benefits, that controls the running of the statute in workers' compensation cases. *Garcia v. New Mexico Hwy. Dep't,* 61 N.M. 156, 296 P.2d 759 (1956); *Owens v. Eddie Lu's Fine Apparel; see* § 52-1-31. This court is powerless to overrule the supreme court's holding in *Garcia. See Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973).

We reverse the hearing officer's decision and remand for a trial on the merits.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.