PRATHER, Justice, for the Court.
The question raised by this appeal is whether the trial judge abused his discretion in denying the non-movant on a summary judgment motion the right to present live testimony on a subpoena duces tecum issued against an adverse and hostile witness. Holding that the litigant Crain was deprived of his opportunity to develop genuine fact issues, this Court reverses and remands for a new summary judgment hearing.
W.B. Crain, (Crain) the plaintiff below, brought this action against the Cleveland Lodge 1532, Order of Moose, Inc. (the Lodge) seeking damages for injuries he received at the hands of an unknown third party in the Lodge’s parking lot. The Lodge filed a motion for summary judgment, which was granted by the trial court. Crain now perfects his appeal to this Court, assigning as error the following:
(1) THE TRIAL COURT ERRED IN QUASHING SUBPOENAS ISSUED BY THE PLAINTIFF WHICH SOUGHT TO COMPEL THE ATTENDANCE AND TESTIMONY OF TWO MEMBERS OF THE MOOSE LODGE AT THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT.
(2) THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT MOOSE LODGE.
*143 I.
Appellant Crain was a member of a musical group scheduled to perform at the Cleveland Moose Lodge on the evening of February 23, 1985. On the evening in question, Crain had set up the band’s equipment around 5:00 p.m. and then went to his mother’s house to eat dinner. He returned to the Lodge shortly before 9:00 p.m., the time the band was scheduled to perform.
Crain parked his car in the Lodge’s rear parking lot, facing the building. He testified at the deposition that attendance at the Lodge may have been heavier than usual, forcing him to park behind someone else’s car. The weather conditions had been rainy most of the afternoon, and it was drizzling when Crain arrived at the Lodge.
Crain also testified that there was only one small light in the parking lot, and it was located next to the building by the stage area. The door in question was the one Crain would normally have used to enter the building. His last clear memory of the evening of February 23 was getting out of the car and attempting to open the rear car door to retrieve his guitar. He was struck from behind on the head, rendering him unconscious. Crain’s next clear memory was waking up in a Greenville hospital some two to three weeks later. Due to the severity of the injuries he received, Crain recalled very little of what happened after he arrived at the Lodge’s parking lot. Crain testified at the deposition that the assailant had relieved him of $100.00 to $175.00 in cash money and a blue flight bag containing some of his personal effects.
During Crain’s deposition testimony, he was certain about the lack of lighting in the Lodge’s parking lot, and he also stated that he never saw the person who attacked him. He further stated that the lighting in the parking lot was improved after he was attacked.
As a result of the attack, Crain, who held a Masters Degree from the University of Mississippi, was permanently disabled, suffered a loss of sensation in his right hand and arm, and his speech was adversely affected. At the time of the attack, although Crain had held other jobs, his only source of income was the money he made from playing with the band. Following the incident, he had apparently been unable to hold another job.
Following an initial round of discovery by both parties, and the taking of Crain’s deposition by counsel for the Moose Lodge, the Lodge moved for summary judgment. Supporting affidavits from Bob Avery, the secretary of the Moose Lodge, who also answered the interrogatories on behalf of the Lodge, and Charles Mosley, a member of the Lodge and the Chief of Police for the City of Cleveland, were filed along with the Lodge’s motion for summary judgment.
Crain responded to the motion for summary judgment by filing a supporting affidavit from Tami C. Scrivner, the police chief for the City of Indianola, and monthly crime reports from the Cleveland Police Department for the previous sixty (60) months. In preparation for the summary judgment hearing, Crain also had issued subpoenas duces tecum for Mosley and Avery. The Lodge filed a motion to quash or modify the Avery subpoena only, and only with regard to certain documents that had been requested by Crain. Instead, on its own motion, the trial court issued an order announcing that no live testimony would be heard at the summary judgment hearing. The order quashed both subpoenas, without explanation. Following arguments on the motion, the trial court issued its ruling, granting the Lodge’s motion for summary judgment. Crain then perfected his appeal to this Court.
II.
DID THE TRIAL COURT ERR IN QUASHING SUBPOENAS ISSUED BY THE PLAINTIFF WHICH SOUGHT TO COMPEL THE ATTENDANCE AND TESTIMONY OF TWO MEMBERS OF THE MOOSE LODGE AT THE HEARING ON THE MOTION FOR SUMMARY JUDGMENT?
Under Crain’s first assignment of error, he claims that the trial court erred when, *144 on its own motion, it quashed the subpoenas duces tecum issued for Avery and Mosley. This Court agrees.
Rule 56 of the Mississippi Rules of Civil Procedure governs summary judgment procedure in this state, and specifically, Section (e) addresses forms of evidence which may be presented at a summary judgment hearing:
(e) Form of Affidavits; Further Testimony; Defense Required.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.
Nowhere in Rule 56(e) is the use of oral testimony at summary judgment hearings mentioned. However, Rule 43(e) of M.R. C.P. does discuss the use of oral testimony:
(e) Evidence on Motions. When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.
Even more pertinent to the discussion of whether to allow the use of oral testimony at a summary judgment hearing are the Comments following Rule 43:
Although oral testimony may be heard on a motion for summary judgment, the court need not allow this, and its authority to do so should be exercised with care. The purpose of summary judgment — i.e. giving a speedy adjudication in cases that present no genuine issue of fact — is defeated if the hearing on the motion becomes a preliminary trial. 9 Wright & Miller, supra § 2417.
Therefore, based on the language of the Comments following Rule 43, the use of oral testimony at summary judgment hearings is clearly allowable, although the option of doing so should be exercised with caution. Although great care should be used to avoid turning a summary judgment hearing into a mini-trial, there are other countervailing factors to be considered as well.
[I]t is precisely because oral testimony, with the attendant opportunity for cross-examination, is the mode of presentation that is thought most appropriate for use at trial that it also is the most trustworthy form of proof available for a Rule 56 hearing. Accordingly, oral testimony should be used when there is reason to believe that it will be of significant assistance to the court and is reasonably circumscribed in scope.
10A C. Wright, A. Miller and M.K. Kane, Federal Practice and Procedure § 2723 at 63 (1983).
Other legal commentators have noted with approval the practice of using oral testimony at summary judgment hearings, although once again not condoning its unlimited use. 6 J. Moore, W. Taggart, J. Wicker, Moore’s Federal Practice, § 56.11[1. — 6] at 56-101 and § 56.11[8] at 56-154 thru 156 (2d ed.1988). This Court has also specifically approved the practice of allowing oral testimony at summary judgment hearings. Cole v. Wiggins, 487 So.2d 203, 206 (Miss.1986). See also, Davis v. Davis, 508 So.2d 1062, 1063-64 (Miss.1987).
Other jurisdictions have also adopted the position adhered to by this Court in Cole, supra. See Occidental Realty v. General Insurance Company of America, 301 A.2d 66, 66 (D.C.1973); Daniels v. Paddock, 145 Mont. 207, 399 P.2d 740, 743 (1965); Summers v. American Reliable Insurance Company, 85 N.M. 224, 511 P.2d 550, 552 (1973); Singleton v. Stewart, 280 N.C. 460, 186 S.E.2d 400, 403 (1972); Dudley v. East Ridge Development Company, 694 P.2d 113, 114-15 (Wyo.1985).[1] The most crucial *145 fact in addressing this issue is that this Court has in the past approved the practice of allowing oral testimony at summary judgment hearings under the proper circumstances.
It is true that as an appellate court, this Court must give deference to the trial court’s decision to not allow oral testimony at the summary judgment hearing. Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss.1984). This Court will reverse the trial court’s decision “only where we are convinced that the trial judge abused his discretion.” Bourn, supra. However, balanced against this discretion of the trial judge is the policy behind Rule 56(e), which is to consider any evidence at a summary judgment hearing that would be admissible at trial. 10A C. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure § 2738 at 474 (1983).[2] Clearly, the oral testimony adduced at a summary judgment hearing would be admissible at trial.
In the case sub judice, it would have been a futile endeavor for Crain to attempt to procure affidavits from Avery and Mosley. Both men were members of the Moose Lodge, and as such would have been adverse witnesses to Crain. Additionally, live testimony offers certain advantages over both affidavits[3] and depositions.[4] Finally, any potential problems with notice were obviated by the fact that the subpoenas duces tecum were issued on July 13, 1987, a week before the summary judgment hearing was scheduled to be held.[5]
Although summary judgment is a device by which nonmeritorious claims can be disposed of, this Court fails to see how the trial court’s actions have thus far produced such a result. Justice is only served when a fair opportunity is given a party to oppose a motion for summary judgment — indeed, case law from this Court mandates that “the party against whom the summary judgment has been sought should be given the benefit of every reasonable doubt.” Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983). Stated differently, a trial court is under an obligation to consider all pertinent evidence in a light most favorable to the nonmovant. Allison v. State Farm Fire & Cas. Co., 543 So.2d 661, 663 (Miss.1989); Sanford v. Federated Guaranty Insurance Co., 522 So.2d 214, 217 (Miss.1988).
Because the trial court, on its own motion, refused to allow Crain an opportunity to cross-examine two admittedly hostile witnesses at the summary judgment hearing, this Court must conclude that the summary judgment hearing in this case was deficient and did not allow Crain a full and fair opportunity to oppose the Lodge’s motion. The trial court was unable to consider all of the pertinent evidence in a light most favorable to Crain, the non-movant, because it did not in fact have all of the pertinent evidence before it. Therefore, this Court holds that the quashing of the subpoenas was an abuse of discretion and that the summary judgment hearing in this case did not allow Crain a full and fair opportunity to elicit testimony from the two witnesses before a decision was reached on the motion for summary judgment.[6]
DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT MOOSE LODGE?
Based on the conclusion reached under the first assignment of error, this Court cannot fully address this crucial point. It necessarily follows that, before this Court can reach a just decision concerning the *146 propriety of granting a motion for summary judgment, we should have all of the pertinent evidence before us.
In the case sub judice, the lower court prematurely granted the summary judgment motion. This Court cannot review the trial court’s decision on the summary judgment motion and does not address the issue of liability until all of the evidence is before the trial court. Therefore, this issue is not yet ripe for discussion.
REVERSED AND REMANDED FOR A REHEARING ON THE MOTION FOR SUMMARY JUDGMENT IN A MANNER CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and SULLIVAN, J., concur.
ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., dissent.

. For a more thorough and lengthy discussion of the issue, including a listing of states which have adopted the rule and those which have not, see Annot. 53 A.L.R. 4th 527 (1987).

. The Comments to Rule 56 of the M.R.C.P. specifically note that the rule is patterned after Federal Rule 56, and refer with approval to Wright, Miller, and Kane, supra.

. "The affiant is not subject to cross-examination and his demeanor is not observable by the court." Moore, Taggart, and Wicker, supra at 56-155.

. “While the deponent is subject to cross-examination his demeanor is not observable by the court." Id.

. Id.

. Of course, the trial court should be allowed to "reasonably circumscribe” the manner in which Crain examines the two witnesses, Wright, Miller, and Kane, supra, at 63.