LSF9 MASTER V. WILS

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**LSF9 MASTER PARTICIPATION TRUST,**
**Plaintiff-Appellee,**
**v.**
**NANCY WILS and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.,**
**Defendants,**
**and**
**MATT MCDONALD, as Trustee for the 5301 VICKSBURG DR. NW TRUST,**
**Intervenor-Appellant.**

Docket No. A-1-CA-37386
COURT OF APPEALS OF NEW MEXICO
April 15, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Victor S. Lopez, District Judge

## COUNSEL

McCarthy & Holthus, LLP, Joshua T. Chappell, Albuquerque, NM for Appellee

Patrick Lopez, Albuquerque, NM for Appellant.

## JUDGES

LINDA M. VANZI, Judge. WE CONCUR: KRISTINA BOGARDUS, Judge, JACQUELINE R. MEDINA, Judge

**AUTHOR:** LINDA M. VANZI

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Intervenor appeals a Plaintiff's summary judgment in this mortgage foreclosure suit. [DS 2] This Court issued a notice of proposed summary disposition, proposing to reverse the district court's summary judgment based upon that court's resolution of a disputed question of fact, contrary to the summary judgment standard outlined in Rule

1-056 NMRA. [CN 5] *See Summers v. Am. Reliable Ins. Co.*, 1973-NMSC-060, ¶ 10, 85 N.M. 224, 511 P.2d 550 (holding that the "[r]esolution of disputed questions of material fact is improper in summary judgment proceedings, whether by findings of fact or otherwise"). Plaintiff has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and now reverse.

{2}     The fact question at issue in this appeal involves indorsements of the promissory note that Plaintiff seeks to enforce in this case. That note bears one blank indorsement and two special indorsements to entities other than Plaintiff. [RP 10] Because Plaintiff seeks to enforce that note as the holder of bearer paper, its standing to do so depends upon the order in which those three indorsements were made.

{3}     In response to this Court's proposed disposition, Plaintiff asserts that it was entitled to judgment as a matter of law: first, because the summary judgment standard required Intervenor to come forward with evidence raising a reasonable doubt about the order of the indorsements and; second, because a holder is entitled to a presumption that indorsements are authentic and authorized. [MIO 11, 17] As our calendar notice pointed out, however, Intervenor's response to the summary judgment motion "raised a factual dispute regarding Plaintiff's entitlement to enforce the note, relying upon the note, itself, which bears three separate, undated indorsements." [CN 4] Thus, the evidence relied upon by Intervenor is the note, itself, along with the three undated indorsements. Neither party has challenged the admissibility of that evidence, and the presence of the undated indorsements raises a fact question about the order in which they were made.

{4}     Similarly, those indorsements undercut Plaintiff's argument that a presumption of authenticity and authority is sufficient to grant summary judgment. [MIO 17-18] New Mexico law does recognize a presumption that signatures on an instrument are valid, but that presumption may be rebutted by evidence. *See* NMSA 1978, § 55-3-308(a) (1992) (establishing presumption); NMSA 1978, § 55-1-206 (2006) (allowing for rebuttal by evidence). We understand Plaintiff to be asserting that the presumption should be applied to establish that the indorsements were made in the order it proposes, since any other order would suggest that at least one of the indorsers acted without authority. [MIO 17-18] We need not address whether that would be a proper application of the presumption of validity, however, because the three undated indorsements on the note amount to evidence from which a trier of fact could arrive at a contrary finding. As a result, we hold that Intervenor has properly answered the presumption, and the fact question regarding the sequence of the indorsements should be answered by a trier of fact.

{5}     Thus, for the reasons stated here and in our notice of proposed summary disposition, we reverse the judgment of the district court and remand this case to that court for further proceedings.

{6}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**