255 So.2d 667 (1971)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
ALLSTATE INSURANCE COMPANY.
No. 46451.
Supreme Court of Mississippi.
December 13, 1971.
*668 Sullivan, Dunbar & Smith, David R. Hunt, Clarksdale, for appellant.
Watkins & Eager, Heber Ladner, Jr., Velia Ann Mayer, Jackson, for appellee.
ROBERTSON, Justice:
State Farm Mutual Automobile Insurance Company (hereafter State Farm) filed a bill of complaint for discovery and contribution against Allstate Insurance Company, on the equity side of the County Court of the First Judicial District of Hinds County. Allstate filed a general demurrer which was sustained by the Court. State Farm appealed to the Chancery Court of the First Judicial District of Hinds County, which court affirmed the decree of the Hinds County Court. Whereupon, State Farm perfected its appeal to this Court.
State Farm charged in its bill of complaint that both State Farm and Allstate had insurance policies in effect on the 1966 Mercury automobile of William V. Prewitt at the time of the accident on March 11, 1968. On that date Mrs. Prewitt drove the Prewitt automobile into the rear of an automobile operated by Richard D. Holden of Memphis, Tennessee, and owned by Hertz Corporation. As a result of this collision, Holden was injured, the Hertz Corporation sustained damage to its automobile, and Prewitt incurred expenses for injuries to his wife, guest passengers in the Prewitt automobile, and damage to his automobile.
State Farm investigated the accident, determined that Mrs. Ethelyn Prewitt, wife of the insured, was negligent and that the damages and injuries of all the parties were proximately caused by the negligence of Mrs. Prewitt, and that the insured in its policy would, in fact, be liable for all damages and injuries. State Farm made demand on Allstate to contribute to a settlement of the claims, which demand was refused by Allstate. State Farm negotiated with all parties and settled with all parties, securing appropriate releases. William V. Prewitt, the insured, was thus relieved of any and all liability to any and all injured parties.
State Farm averred in its bill of complaint that:
"Said settlements were advisable, reasonable and prudent in every respect in view of the extent of the injuries and damages suffered by each party and in view of the certain liability for the negligence of Ethelyn Prewitt."
State Farm prayed for a discovery of the policy issued by Allstate to Prewitt, and also prayed for judgment against Allstate in the sum of $1,190.00, which was one-half of the $2,380.00 paid by State Farm in total settlement of all claims.
Allstate contends that State Farm was a volunteer as to the payment of $1,190.00, one-half of the total settlement, because State Farm's contract of insurance provided:
"Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this *669 coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."
Allstate has lost sight of the fact that the primary and paramount obligation of State Farm, as expressed in its policy, is:
"[T]o defend, with attorneys selected by and compensated by the company, any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."
That is what Prewitt paid State Farm to do. State Farm charged in its bill of complaint that Allstate had similarly obligated itself in its policy with Prewitt. Thus on demurrer it stands undisputed that both State Farm and Allstate had entered into solemn contracts of insurance by which they contracted for a premium to defend the insured, Prewitt, against any and all claims, and to act in his best interest in negotiating and settling all claims made against him. This obligation and duty to the insured, Prewitt, transcends any hypertechnical right of either insurer to pay only in strict accord with the "Other Insurance" clause of each contract.
Massachusetts Bonding & Insurance Co. v. Car & General Insurance Corporation, 152 F. Supp. 477 (D.C.Pa. 1957), defines a volunteer as:
"[A] stranger or intermeddler who has no interest to protect and is under no legal or moral obligation to pay... ." 152 F. Supp. at 482.
Certainly State Farm does not fit that definition of a volunteer. State Farm was under a solemn obligation to defend its insured, to negotiate and settle all claims made against its insured, first according to Prewitt's best interest, and then, secondly, according to State Farm's best interest. According to the averments of the Bill of Complaint, State Farm acted for Prewitt's, State Farm's, and Allstate's best interests in settling these claims out-of-court.
Surely, Allstate should not be allowed to take advantage of its own wrong. Surely it should not be rewarded for breaching its contract with its insured by refusing to defend him in any manner.
8 Appleman, Insurance Law and Practice, Section 4913, page 398, in our opinion states the more equitable view:
"The majority of cases now recognize the undesirability of rewarding the insurer which refuses to honor its contractual obligations, and hold that payment by an insurer which properly undertakes a burden of settlement or defense does not render it a volunteer, not entitled to recover."
The bill of complaint did state a cause of action and the demurrer to it should not have been sustained.
Judgment reversed and case remanded.
RODGERS, P.J., and JONES, BRADY and INZER, JJ., concur.