# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00944-SCT

*SCOTT PENN, INC., AUSTIN, INC., KENT HILLMAN LOGGING, INC., WINONA HARDWOOD, INC., TALLAHATCHIE HARDWOOD, INC., GREG WINSTEAD LOGGING, INC. AND SOUTHERN LOGGING, INC.*

*v.*

*MISSISSIPPI WORKERS' COMPENSATION GROUP SELF-INSURER GUARANTY ASSOCIATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2016 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| TRIAL COURT ATTORNEYS: | ANDREW D. SWEAT |
| | KIMBERLY NELSON HOWLAND |
| | JAMES D. SHANNON |
| | KATHRYN LINDSEY WHITE |
| | M. GARNER BERRY |
| | TROY PHILIP HUSKEY |
| | JOHN DAVID PRICE |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | KATHRYN LINDSEY WHITE |
| | JAMES D. SHANNON |
| ATTORNEYS FOR APPELLEE: | JENNIFER HUGHES SCOTT |
| | ANDREW D. SWEAT |
| | KIMBERLY NELSON HOWLAND |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 08/31/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KITCHENS AND CHAMBERLIN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    The Mississippi Workers' Compensation Group Self-Insurer Guaranty Association ("Guaranty Association") was ordered by the Mississippi Workers' Compensation Commission ("Commission") to assess former members of the Mississippi Comp Choice Workers' Compensation Self-Insurers Fund ("Comp Choice"). Subsequently, the Guaranty Association filed suit in the Madison County Circuit Court to collect the assessments. Former members of Comp Choice[1] appealed the circuit court's grant of summary judgment in favor of the Guaranty Association. Finding no error, we affirm the judgment of the Madison County Circuit Court, as to Austin Inc.-Randolph, MS and Winona Hardwood, Inc.

**FACTS AND PROCEDURAL HISTORY**

¶2.    On January 20, 2009, the Commission entered an order accepting the surrender of Comp Choice's Certificate of Authority and terminated Comp Choice's status as an approved group self-insurer fund. Subsequently, the Commission

> identified several failures by Comp Choice to satisfy its obligations and requirements as a self-insurer, and despite repeated attempts by the Commission and Comp Choice to rehabilitate these wrongs, surrender of the Certificate became the only viable option at the end of the day. Based on the facts leading to the surrender of the Certificate of Authority, the Commission could easily find Mississippi Comp Choice to be a "self-insurer in default" pursuant to the broad definition of such found in § 71-3-157, and we do hereby find that in several respects, Mississippi Comp Choice has failed to satisfy

---

[1] Although the Guaranty Association filed suit against fifty-three members of Comp Choice, only seven former members initially were involved in today's appeal. Other members paid the amounts invoiced or the Guaranty Association has obtained a default judgment against them. Prior to this Court's issuance of its opinion, defendants Greg Winstead Logging, Inc.; Kent Hillman Logging, Inc.; Scott Penn, Inc.; Southern Logging, Inc.; and Tallahatchie Hardwood, Inc. agreed to a compromise settlement of their dispute with the Guaranty Association and filed a joint motion to dismiss, which is being contemporaneously granted by this Court. Only two defendants remain in this appeal. They are Austin, Inc.-Randolph, MS and Winona Hardwood, Inc.

many of its obligations under the Mississippi Workers' Compensation Law. Such default, which we hereby find to have occurred as of the effective date of surrender of Certificate, or as of January 20, 2009, by operation of statute authorizes this transfer of responsibility to the Group Guaranty Association for the administration and payment of the workers' compensation liability of the Fund. . . .

The Commission finds that the indemnity agreements required by Commission General Rule 7, which jointly and severally bind all members of Mississippi Comp Choice to meet the workers' compensation obligations of each and every other member, are valid and enforceable. The Commission further finds that should the remaining assets of Mississippi Comp Choice be exhausted in the payment and administration of claims, the Group Guaranty Association should then look to the enforcement of those agreements including making any assessments necessary to satisfy those financial obligations.

The Guaranty Association is a "statutorily created legal entity formed to provide a mechanism for payment of covered claims under the Workers' Compensation Law, to avoid financial loss to claimants because of the insolvency of a group self insurer, and to provide an association to assess the cost of such protection among self-insurers."

¶3. On April 19, 2010, the Commission found that "a careful evaluation of the remaining assets and outstanding claims unfortunately shows an insufficient amount of Comp Choice assets to cover the projected claim payout." The Commission ordered an assessment in the amount of $1,948,463 of the former members of Comp Choice for the last four years showing losses. The amount was necessary to "cover the fund deficiency, the proper estimated value of non-current assets, and the anticipated administrative and legal fees." The Commission ordered that all assessments be calculated based on each member's share of the total premiums earned and be paid within sixty days of receiving the assessment notice. The

3

Commission also imposed a 5% per month fine, with a minimum fine of $100, for any member failing to timely pay the assessment.

¶4. On May 18, 2010, former members of Comp Choice filed a Notice of Appeal in the Hinds County Circuit Court, challenging the April 19, 2010, order of the Commission. Comp Choice asserted that the order and assessment (1) were not supported by substantial evidence and law; (2) were arbitrary and capricious; (3) were beyond the power of the Commission; and (4) violated statutory and/or constitutional rights of Comp Choice. Comp Choice requested that the appeal act as supersedeas to the Commission's order. However, that request, filed more than seven years ago, has been neither granted nor denied by the Hinds County Circuit Court.

¶5. Pursuant to the Commission's order, AmFed, as designee of the Guaranty Association, invoiced all former members of Comp Choice for their specific shares of the assessment. On August 24, 2010, more than sixty days after invoicing Comp Choice members and not receiving payment, the Guaranty Association filed suit in the Madison County Circuit Court, against former members of Comp Choice.

¶6. The Guaranty Association alleged that Austin, Inc., was a member of Comp Choice during fund years ending 2003, 2004, and 2006. Austin, Inc., was assessed $25,823 for its pro rata share of the total assessment.

¶7. The Guaranty Association alleged that Winona Hardwood, Inc., was a member of Comp Choice during fund years ending 2003 and 2004. Winona Hardwood, Inc., was assessed $3,596 for its pro rata share of the total assessment.

4

¶8. The former members of Comp Choice filed a motion to dismiss, arguing that the Guaranty Association ignored their right of appeal and that the action was not ripe for consideration, was improper, and/or was premature and should be dismissed. They also argued that the Guaranty Association's claims against Comp Choice were compulsory counterclaims which should have been raised as cross-appeals in the Hinds County action.

¶9. The Guaranty Association opposed the motion to dismiss, arguing that (1) the specific Comp Choice members were not identified in the Hinds County appeal; (2) even if they were identified, the appeal does not act as supersedeas and does not prevent the Guaranty Association from collecting the assessment; (3) the Guaranty Association did not challenge any part of the Commission's order, maintaining that it is valid and enforceable; and (4) the two suits did not have the same witnesses, evidence, law, facts, or parties. The Madison County Circuit Court denied Comp Choice's motion to dismiss.

¶10. The Guaranty Association filed motions for summary judgment against the Comp Choice former members, arguing that each defendant was a former member of Comp Choice and was statutorily obligated to pay the covered workers' compensation claims of its members. All former members had agreed contractually via an indemnity agreement to be jointly and severally liable for all workers' compensation obligations of Comp Choice for losses which occurred in the fund years during which the specific defendant was a member.

¶11. In response, former members of Comp Choice disputed the debt as a whole and the amount of the debt. They also made the same arguments regarding the Hinds County appeal as it did in its motion to dismiss. They asserted that there was no evidence that all of the

5

funds had been exhausted; therefore, the indemnity agreement could not be enforced. They argued that there was no evidence supporting the $1,948,463 total, nor was there any evidence to support the specific amounts owed by each former member. They further claimed that there was no accounting to explain why the fund, which was operating at $2,984,800.58 in March 2009, had only $774,168.40 a year later. They contended that additional time was needed to seek discovery regarding the figures.

¶12. After considering documentary and testamentary evidence, the circuit court granted the Guaranty Association's motions for summary judgment. The trial court found that:

> a valid order from the Mississippi Workers' Compensation Commission ("Commission") dated April 19, 2010, imposes the assessment liability at issue in this action. The Court further finds that each of these Defendants could have been held liable for the full amount of the Mississippi Comp Choice assessment of $1,948,463 under said Commission Order, pursuant to the indemnity agreement executed by each Defendant as a condition of membership in the Mississippi Comp Choice Self-Insurers Fund, and that each Defendant is liable to the Plaintiff for the amount of its individual assessment as set forth in the Motions.
>
> The Court is aware that some former members of the Mississippi Comp Choice have appealed that Commission Order in the Circuit Court of Hinds County and that said appeal is currently pending before that Court. However, the Court further finds that, to the extent the instant Defendants are parties to the Hinds County appeal, they could have obtained an order from that Court directing the appeal to act as *supersedeas*, but did not.
>
> The Court further finds that Defendants' request for additional time pursuant to M.R.C.P. 56(f) is not well taken and should be denied. This case has been pending since 2010 and Defendants have had sufficient time to conduct necessary discovery prior to this ruling.

The Court further ordered that each of the remaining defendants were responsible for the following amounts:[2]

Winona Hardwood, Inc., in the total amount of $14,744; and

Austin, Inc., in the total amount of $105,874.

The remaining members of Comp Choice timely filed notice of appeal, raising only one issue: Whether the trial court's June 2, 2016, Order Granting Summary Judgment and Judgment of Dismissal was in error.

## STANDARD OF REVIEW

¶13.    It is well-settled that this Court applies a *de novo* standard of review to a circuit court's grant or denial of summary judgment. ***Indem. Ins. Co. of N. Am. v. Guidant Mut. Ins. Co.***, 99 So. 3d 142, 149 (Miss. 2012). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). This Court views the evidence "in the light most favorable to the party against whom the motion has been made." ***Daniels v. GNB, Inc.***, 629 So. 2d 595, 599 (Miss. 1993). However, the opposing party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Miss. R. Civ. P. 56(e).

## ANALYSIS

---

[2] These amounts include the 5% per month fine imposed by the Commission.

¶14. The remaining members of Comp Choice argue that issues remain in dispute as to whether the former members owe any debt and whether the Commission's assessment order is valid, thus precluding summary judgment. However, they attack the validity of the Commission order, an issue not before the Madison County Circuit Court and not relevant to this collection action. That issue is currently before the Hinds County Circuit Court, with no action taken since 2013 when the final appellate brief was filed.

¶15. The Guaranty Association argues that the undisputed facts established that each of the former members of Comp Choice (1) was a member of the Comp Choice Fund for the years corresponding to the Defendant's pro rata share of the assessment; (2) had executed an Indemnity Agreement making the Defendant jointly and severally liable for the workers' compensation claims of Comp Choice; (3) had been given notice of the assessment and its liability for the same; and (4) had not paid its assessment amount. Therefore, the Guaranty Association was entitled to judgment as a matter of law.

¶16. The remaining members of Comp Choice submitted no evidence in response to the motions for summary judgment. While they did request additional time for discovery, the trial court denied the request, for this action had been pending for more than five years. During that time, the former members of Comp Choice did not initiate any discovery to obtain the information they claimed they needed to avoid summary judgment.

¶17. Moreover, Comp Choice's appeal in the Hinds County Circuit Court does not bar Guaranty Association's right to collect the assessment, absent a supersedeas order from that Court or an appeal bond. Although Comp Choice requested a supersedeas order, the Hinds

County Circuit Court has not ruled on that issue. Comp Choice has had more than six years to obtain a supersedeas order from the court to stay this collection action. However, Comp Choice has failed to obtain the necessary order.

¶18. A motion for summary judgment under Rule 56 of the Mississippi Rules of Civil Procedure "tests the notion of well-pled facts and requires a party to present probative evidence demonstrating triable issues of fact." *Children's Med. Group, P.A. v. Phillips*, 940 So. 2d 931, 934 (Miss. 2006) (quoting *Stuckey v. Provident Bank*, 912 So. 2d 859, 865-66 (Miss. 2005)).

> Those who practice before our trial courts are well advised to respond to summary judgment motions with affidavits, deposition testimony, responses to discovery, and other evidence approved by Rule 56, allowing our trial judges a fair look at whether triable issues of material fact exist. As the rule specifically provides, parties may not simply rely on their pleadings, nor may they escape summary judgment by outlining what they might discover later.

*Franklin Collection Serv. v. Kyle*, 955 So. 2d 284, 291 (Miss. 2007). Rule 56 does not provide for evidence which might be introduced or developed at trial. The nonmoving party must produce any such evidence in opposition to the motion. *Commercial Bank v. Hearn*, 923 So. 2d 202, 210 (Miss. 2006). "It is thus incumbent upon a plaintiff to respond to a motion for summary judgment by demonstrating material factual disputes." *Id.* This Court will reverse a trial court's decision to grant summary judgment only if triable issues of fact exist. *Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1041 (Miss. 2003).

¶19. A mere allegation by the nonmoving party that a dispute over whether a material fact exists will not defeat a movant's otherwise properly supported motion for summary judgment. *Reynolds v. Amerada Hess Corp.*, 778 So. 2d 759, 765 (Miss. 2000).

9

Additionally, a dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The question is whether all the evidence before the lower court, viewed in a light most favorable to the appellants, demonstrates no material factual dispute. In today's case, the appellants' allegations that a material fact exists is insufficient to reverse the circuit court's decision.

¶20. There exists no genuine dispute of material fact as to whether the Guaranty Association was entitled to judgment as a matter of law. The trial court properly found that Austin, Inc.-Randolph, MS and Winona Hardwood, Inc. failed to timely pay the amounts assessed to each member.

## CONCLUSION

¶21. We affirm the judgment of the Madison County Circuit Court granting summary judgment in favor of the Guaranty Association as to Austin, Inc.-Randolph, MS and Winona Hardwood, Inc..

¶22. **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND  CHAMBERLIN, JJ., CONCUR.**